PETITION OF ERVAN GLOVER.

No. 13122.
Decided Aug. 29, 1975.
539 P.2d 721.

MEMO OPINION

PER CURIAM:

This is an original proceeding wherein petitioner seeks a

writ of habeas corpus. Following the filing of the petition an order was made setting a time for oral presentation by counsel for the petitioner and response by the attorney general. The hearing has been held, briefs served and filed, counsel heard in oral argument, and the matter submitted.

From the record it appears that petitioner plead guilty to obtaining money under false pretenses and was sentenced to a term of ten years in the state prison on February 1, 1973.

On October 18, 1973, petitioner plead guilty to another charge in Wyoming and was sentenced to a term from 3 to 5 years in the Wyoming State Penitentiary. The judgment in Wyoming contained these provisions:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the concurrent sentences in amount of not less than three (3) years nor more than five (5) years this date imposed in this Court be, and they are hereby ordered to run concurrently with two counts of false pretenses presently being served in the Montana State Penitentiary at Deer Lodge, Montana.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED upon the expiration of the Montana sentence imposed on Defendant, if the Wyoming sentence this date imposed is not completed, then you, ERVAN GLOVER, shall be returned to the Wyoming State Penitentiary to serve the balance of term imposed.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if the Wyoming sentence this date imposed by this Court expires and is satisfied during service of the Montana sentence, then the Defendant shall be discharged."

On April 28, 1975, petitioner was granted parole to any approved plan but by reason of the judgment of the Wyoming court the warden would not allow him to leave the prison unless he was taken to the Wyoming penitentiary and petitioner refuses to accept parole under this condition.

The attorney general files a motion to dismiss the petition because: (1) the Montana Supreme Court is not the proper forum to determine the validity of petitioner's claim; (2) that a writ of habeas corpus is not properly available to petitioner; and, (3) petitioner has failed to demonstrate that he is unlawfully detained.

Petitioner contends that since he is still serving his sentence if released on parole, as we ruled in *Hill v. State*, 139 Mont. 407, 365 P.2d 44, as well as other cases, he can be released in Montana and does not have to go to Wyoming. We are advised that the Wyoming parole board has taken the position that the Wyoming sentence commands that petitioner be incarcerated, without parole, for a period of not less than three years. As we ruled in Petition of Daniel H. Beaton, 143 Mont. 303, 389 P.2d 54, the proper forum for petitioner to seek the relief he petitions for here is the courts of Wyoming, as required by the full faith and credit clause of the United States Constitution, Art. IV, § 1.

Under the fact situation appearing and the applicable statutes petitioner has two alternatives available. He can remain in the Montana state prison or he can accept a parole and be released by the warden to the Wyoming authorities.

The motion to dismiss is granted and the writ sought is denied. This action is ordered dismissed.